May it please the Court, my name is Lawrence Gerzog. I represent Christopher Reese, who I did not represent at any stage of the proceeding prior to this. Your Honor, our argument is fairly simple. The colloquy in which Judge Marrero engaged with Mr. Reese was insufficient to allow for a finding that Mr. Reese I'm sorry, it may be me because I'm the one who keeps speaking up, but I can't quite hear the words. My wife says I mumble too, Your Honor, so I don't know. Is that better? Yes, you will need an affidavit from your wife. Okay, very well. Well, you know, Mr. Gerzog, the law of our circuit is that for violation of supervisory release that the Rule 11 requirements don't apply, that you don't, in terms of like a factual basis for the plea, you know that I am aware of that, Judge, but I think there's a certain minimum that has to be elicited. So the concern is at the colloquy the evidence wasn't identified. Well, for example, Judge Chen, in number three, specification number three, no one was identified. Well, but, and my question, though, is the violation report, it doesn't give names, but it goes into a fair amount of detail. You know, the information provided by the DA's office, there were, there was e-mail communications, electronic records referred to. So if you look at the report, there is a fair amount of specificity as to what the evidence was, although I agree it doesn't provide names. But why isn't that enough in the context of a revocation proceeding? Well, first of all, it's my understanding that while the judge did ask Mr. Reese whether he had consulted with his attorney and read the specifications and so forth, and all those questions were answered in the affirmative, I don't believe there's anything in the record that he studied the other papers. I know, but he doesn't have to be, in other words, if he says I did this, you know, the judge read the charge to him twice. He was associated with known convicted felons. He says, yes, I did that. And the judge had before him, as Judge Chen pointed out, it's an unbelievable amount of detail. Even though there aren't names, three times he's warned by the probation officer, you can't do this. He's making hundreds of thousands of dollars working with inmates who are, at least some of them, are clearly convicted felons. And he's being told you can't do this. And he continues to do it over a long period of time, notwithstanding those warnings. And he says I did this. He doesn't say, you know, you made an argument in your reply brief, or maybe they weren't felons, maybe he didn't know they were felons. But he doesn't make, you know, the violation that was read to him is that you associated with known convicted felons. So I'm struggling with finding why on this particular record the judge didn't have plenty to believe that when he said, yes, I did this, that it was true. Because there wasn't any discussion with him of, you know, what a known convicted felon is. We don't know. The report says that he visited inmates at Rikers with an attorney pass from a law firm. He was not a lawyer. Correct. He had been terminated from that, by that law firm. And so he was using an attorney pass without authorization. I mean, why isn't that enough to support the violation? No doubt that he was attempting to practice law completely illegally. I'm not arguing that. What I'm talking, what has to happen here is that he has to associate with known convicted felons. Well, he was trying to have these inmates become his clients. So he was associating, by definition, with felons. No. With all due respect, he was associating with people who had been at least charged with crimes. Let me give you a particular example. It refers to him being involved in filing in the Eastern District of New York. This is on page four of the report. On April 18th, 2022, that he helped file this in front of Judge Deary. And what this was was a motion for compassionate release for Mr. Green to undo convicted, sentenced, and it's requesting modification of his 30-year sentence. So, I mean, he clearly knows Mr. Green is a felon, right? He's convicted. He's post-sentencing. Absolutely. All right. So, again, even on this issue of, like, well, maybe they were pretrial. Maybe they weren't felons. First of all, he's dealing at him at such a level. This is not just one. I just picked that one because it was referenced in the report. But we're talking about, you know, a lot of people who are incarcerated. He must have been pretty good. I mean, several hundred thousand dollars. You know, when I read the record, I thought, you know, what's his secret? But the point I'm trying to make is the specification should have included known convicted felons such as. I just gave an example. Well, you gave me an example from the report but not from the specification. And if I may, in specification number five, the person they did name was not a convicted felon. He was trying to withdraw his guilty plea. He had not been formally convicted yet. And yet, Mr. Reese said, yeah, yeah, I did that too. But he didn't. So how do we know that he was aware with respect to specification number three of what was required for him to be guilty of this? This is like if you said to somebody. Well, we knew because he was warned by his probation officer. It wasn't like he was doing this and didn't understand that they were convicted felons or that this was a violation of his release. His probation officer told him in April of 21, you can't do this. In May of 21, you can't do this. And in March of 22, you can't do this. And all three times he continued to do it. So that's a lot of knowledge that he knew that these were convicted felons and that he couldn't do it because his probation officer was telling him that, right? I agree with that. I couldn't disagree with that. On the other hand, I think the specification should have mentioned a name or two names of non-convicted felons. Thank you, Mr. Gershom. Thank you, Your Honor. Mr. Wickstrom for the government. Good morning, Your Honors. May it please the Court. Derek Wickstrom for the government. I also represented the United States in the district court. I want to flag something first that Mr. Gershom didn't mention and that's not in the briefs, which is this case is going to be moot in about a month. Mr. Reese served his eight months in prison. He was released on April 18, 2023, to serve one additional year of supervised release. So on April 18, 2024, he'll complete his supervised release. At that point, this case will be moot. However, if the court decides it before then, the court should affirm. First, responding to Mr. Gershom's argument, to the extent there was a deficiency in the factual record here because there weren't names named of the felons with whom Mr. Reese had associated, that was because of Mr. Reese's admission. The government had, as Judge Bianco alluded to, overwhelming evidence that Mr. Reese had associated with known felons. He had a nationwide practice that he told the probation office mostly consisted of filing appeals and compassionate release motions. By definition, those are filings on behalf of convicted felons. The only reason there are not more names in the record here is because the government wasn't put to its proof. For that reason, Mr. Reese's admissions should be construed as waivers just as they would be in the context of a criminal guilty plea. Would you remind me what the sentence was that he's been serving? The sentence was eight months of imprisonment followed by one additional year of supervised release, Your Honor. And the supervised release has happened or is yet to happen? He has served approximately 11 of the 12 months of supervised release. But that's what we're talking about. So that was what I was alluding to initially. Why would it be moot if he still has a year of supervised release? That year was added to the prison term? That's right, Your Honor. So if he were to win, would that additional year of supervised release be wiped out? He's served most of it, Your Honor. He only has one month left. He only has one month left. So he completed the eight-month prison term in April of last year. And in April of this year, the supervised release term will expire. He will no longer be under supervision. I'm sorry. I misunderstood. He's out of prison already, and all he has left is a month of supervised release. Okay, I get it. Correct, Your Honor. Even if the court were to not hold that there was a waiver here for the reasons outlined in our brief, there is no plain error in Judge Marrero's acceptance of Mr. Reese's admissions. He admitted to having associated with known convicted felons in both special cases. I have a question. So I'm looking at Rule 32.1B2, which talks about what you have to show at a revocation hearing. And the person is entitled to B, disclosure of the evidence against the person. So did that happen here? Yes, Your Honor. The government produced discovery in this case to Mr. Reese and his then-counsel, and that disclosure included the filings that the government had learned that he had submitted and his communications from the BOP systems with his various court appointments. So in addition to the violation report, the government actually produced the evidence to him in advance of the hearing? Yes, Your Honor. Okay. Unless the court has any additional questions, the government will otherwise rest on its submission. So we don't have to decide the issue of whether or not in this context, in terms of there's a requirement that there be an independent basis in fact, because there is no case direct. We have said it has to be knowingly and voluntarily entered, but you can correct me if I'm wrong. There's not a case that talks about this specific issue. Is that accurate? So the government is not aware of a case that says there needs to be an independent factual basis. I'm aware of the Polensky case in 1997 in which this court said that Rule 11 doesn't apply. And so I think reading Polensky fairly, the court could hold and should hold that Rule 11B3 does not apply in the context. But we have never said that. We have never said we've never required a factual basis, but we've never said you don't need a factual basis in a revocation proceeding when there's an admission. I'm not aware of a case in which the court has ruled either way on that question, Your Honor. All right. Thank you. Thank you. Mr. Gerzog, you have three minutes. Mr. Gerzog, I did see you did make a motion to expedite this appeal, I think for the reasons that the government has pointed out. Indeed. But it was denied. Yeah. Your Honor. Not by us? No, not by us. I don't think. I don't remember doing that, but. Your Honors, Mr. Wickstrom is exactly correct that Mr. Reese's term of supervised release is about to expire. But I don't think that makes this moot. He will forever have on his criminal record that he violated supervised release, as in the state system you have on your criminal record that you violated probation. And if Your Honors decide to reverse here, I doubt very much that the government is going to come back just for kicks and go through the whole proceeding again. They'll probably just let it go, in which case Mr. Reese will receive a benefit. So it's not moot. Yeah, I think we'd be creating some new law there because I don't think, and I know you didn't brief this, but I don't think there's any case that suggests if you've completed the sentence in its entirety of the supervised release revocation, that to get it off of your criminal record that keeps the case alive in this context, right? So we're agreeing, I guess. What's that? I said so. We're agreeing, I guess. Well, I'm just saying there's no law that suggests that it's not moot. I think the law is that it is, if you completed serving the term of supervised release, that was part of the sentence, that it is moot. We're not talking about the underlying conviction, right? You're talking about getting off his record of violation of supervised release, not getting felony conviction off or something like that. Oh, no, no, no. The felony conviction won't go off. Right. So I'm saying there's no case, you don't have a case that says it continues to be a live case. Nor do I have a case that says it's moot. Right. Is there any collateral consequence to having a violation in your record? Sure. I mean, it makes your record worse. You know, if he go, I mean, look, this guy has a long record. You know, I'm not going to pretend that. As a theoretical matter, you're saying. But, you know, in theory. But if we decide it by April 24th, we don't have to worry about that, right? With all respect to the court, I'd be surprised if that happened, but maybe it will. And that would be great. But I do think that it's not moot. Are you suggesting we're slow? Would I say that? The other thing that Mr. Wickstrom said, however, is he glossed over the fact that with respect to Specification 5, he really isn't guilty. I mean, that was not a guy he was supposed to be consorting with wasn't a felon. But that wasn't necessarily the only guy he was continuing to interact with at that time, right? Perhaps that's true. But Specification 5 said you associated with this fellow. And he said, yeah, that's right, I'm guilty. And, no, he wasn't. I mean, that's. Well, he might have had a prior felony. Maybe that one wasn't final, but who knows if that guy had a prior felony. I guess that's. I didn't research that. No, I know. But I'm just saying, usually. Well, again, I understand the point. Okay. Thank you.